UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02395-JVS-DFM | Date | February 6, 2025 |
| Title | Jane Roe MB 69 v. Doe 1 et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion to Remand [11]

Plaintiff Jane Roe MB 69 ("Jane Roe MB") files a motion to remand. (Mot., Dkt. No. 11.) Defendants The Church of Jesus Christ of Latter-day Saints ("Church Corporation," "Church" or "Doe 1"), The Temple Corporation of the Church of Jesus-Christ of Latter-day Saints ("Temple Corporation" or "Doe 2") and the Sunset Beach California Stake ("Sunset Beach Stake" or "Doe 3", collectively "Defendants") filed an opposition. (Opp'n, Dkt. No. 20.) Jane Roe MB replied. (Reply, Dkt No. 21.)

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

This case involves the alleged sexual abuse of a minor by a church leader of the Church of Jesus Christ of Latter-day Saints. (Mot. at 1.) On August 26, 2024, Jane Roe MB filed her Complaint in state court alleging six state-law causes of action, including negligence, negligent supervision of a minor, sexual abuse of a minor, negligent hiring, supervision, and retention, negligent failure to warn, train, or educate plaintiff, and breach of mandatory duty. (Notice of Removal ("NOR"), Dkt. No. 1, ¶¶ 1–2.) On November 4, 2024, Defendants removed the case to federal court on the basis of diversity jurisdiction. (Id. ¶ 3.)

As described in the NOR, the "Church itself is hierarchical." (NOR ¶ 17.) Congregations are referred to as "wards" or "branches" which are grouped into larger units called "stakes." (Id.) The Church Corporation (Doe 1) and the Temple Corporation (Doe 2) are corporations in Utah, with the Church Corporation serving as the single corporate entity that "exists and operates in the secular world on behalf of The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02395-JVS-DFM | Date | February 6, 2025 |
| Title | Jane Roe MB 69 v. Doe 1 et al. | | |

Church of Jesus Christ of Latter-day Saints" and its "religious body of believers." (Id. ¶¶ 7, 10.) The Sunset Beach Stake (Doe 3) is the Sunset Beach California stake of the church. (Id. ¶ 20.)

Jane Roe MB argues that the case should be remanded because the parties are not completely diverse where the Sunset Beach Stake is based in California and Jane Roe MB is a citizen of California. (Mot. at 7; Reply at 2–4.) Defendants respond that the Sunset Beach Stake is merely an unincorporated subset of the Church Corporation that is entirely dependent on the Church Corporation for funding, maintenance, and appointment of bishops. (Id. ¶¶ 17–21.)

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and there is diversity of citizenship among the parties. 28 U.S.C. § 1332(a). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

## III. Discussion

In its NOR, the Church Corporation argues that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). (NOR ¶ 3.) Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02395-JVS-DFM | Date | February 6, 2025 |
| Title | Jane Roe MB 69 v. Doe 1 et al. | | |

1332(a). Jane Roe MB argues that there is no diversity jurisdiction because Doe 3 is a California citizen. (Mot. at 14.) Alternatively, Jane Roe MB argues that Doe 3 is a forum defendant. (Id.) Finally, Jane Roe MB contends that the NOR does not properly allege that she is a citizen of California. (Id. at 15.) For the following reasons, the Court denies the motion.

  *A. Amount in Controversy*

 The parties do not appear to dispute that the amount in controversy exceeds $75,000. (See Opp'n at 19; see generally Mot.) Amount in controversy is generally satisfied where uncontested by the plaintiff. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Here, while California law prohibits Jane Roe MB from alleging specific amounts of damages, it is more likely than not that the amount in controversy would exceed $75,000 for a claim of sexual abuse seeking damages for "severe and permanent injuries," pain and suffering, severe emotional distress, physical injuries, past and future costs of medical care and treatment, past and future loss of earnings and earning capacities, and more. (See NOR ¶ 30.) Therefore, amount in controversy is satisfied.

  *B. Complete Diversity*

   1. Doe Defendants

 Jane Roe MB appears to briefly raise the argument that a lawsuit against all doe defendants cannot sustain a finding of compete diversity because 28 U.S.C. § 1441(b) instructs courts to disregard doe defendants. (See Dkt. No. 24.) The Court will address this threshold issue first.

 The removal statute requires that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . ., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The statute makes no distinction between whether a doe defendant has a fictitious name because they are actually fictitious or whether state law requires the use of such designation. See Geppert v. Doe 1, 2023 WL 5804156, at *3 (N.D. Cal. Sept. 7, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02395-JVS-DFM | Date | February 6, 2025 |
| Title | Jane Roe MB 69 v. Doe 1 et al. | | |

Diversity jurisdiction cannot exist where a lawsuit is between a plaintiff with citizenship, and all opposing parties who possess no citizenship.  See La. Mun. Police Emps.' Ret. Sys. v. Wynn, 829 F.3d 1048, 1056–57 (9th Cir. 2016).

However, there are exceptions to the general rule that doe defendants shall be disregarded.  See Gardiner Family, LLC v. Crimson Resource Mgmt. Corp., 147 F. Supp. 3d 1029, 1033 (E.D. Cal. 2015) (describing the history of amendments to 28 U.S.C. § 1441(b) and the re-emerging exceptions to doe defendant rules).  One exception allows doe defendants to be considered for jurisdictional purposes when "the Plaintiff's description of doe defendants or their activities is specific enough to suggest their identity, citizenship, or relationship to the action."  See id. at 1036 (finding no reasonable indication of identity where plaintiffs' complaint merely listed Does 1 through 50 without details about their possible identities or citizenship).

In this case, all of the defendants were sued under fictitious names.  (See NOR ¶¶ 7–16.)  However, unlike Gardiner Family, Jane Roe MB specifically described all three doe defendants identities, citizenship, and relationships to the action.  Specifically, Jane Roe MB alleged that the Church Corporation (Doe 1) has a principal place of business in Utah, (Compl. ¶ 5), Temple Corporation (Doe 2) has a principal place of business and incorporation in Utah, (id. ¶ 6) and Sunset Beach Stake (Doe 3) has a principal place of business in California, (id. ¶ 7).  Moreover, Jane Roe MB was able to list the specific addresses of each doe defendant and their particular relationship to the Perpetrator of the alleged grooming and sexual abuse.  (Id. ¶¶ 5–18.)  Therefore, the Court will not disregard these doe defendants in determining whether diversity jurisdiction exists under 28 U.S.C. § 1332.

      2.      Citizenship of Sunset Beach Stake (Doe 3)

The parties do not dispute that Church Corporation is incorporated with its principal place of business in Salt Lake City, Utah.  (Compl. ¶ 5; NOR ¶ 7–8.)  Moreover, the parties do not dispute that Temple Corporation is incorporated with its principal place of business in Salt Lake City, Utah.  (Compl. ¶ 6; NOR ¶ 14.)  Neither of these parties would defeat diversity jurisdiction.  The parties, however, disagree over the citizenship of the Sunset Beach Stake (Doe 3).  Defendants argue that the Court should treat the Sunset Beach Stake as a subpart of the Church Corporation and not as an independent legal entity.  (Opp'n at 11.)  The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02395-JVS-DFM | Date | February 6, 2025 |
| Title | Jane Roe MB 69 v. Doe 1 et al. | | |

"[T]he distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction" because "a division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes." Breitman v. May Co. Cal., 37 F.3d 562, 564 (9th Cir. 1994). Thus, an unincorporated division of a corporation maintains the same citizenship as that of its parent. Id. Several courts have applied this doctrine to stakes of the Church. See, e.g., Roe LM 89 v. Church of Jesus Christ of Latter-Day Saints, No. CV 24-9350-JFW (BFMx), 2025 WL 212143, * 3 (C.D. Cal. Jan. 16, 2025).

Jane Roe MB argues that the Sunset Beach Stake is an independent entity because it is "led by a Stake President," has "[r]ecords, finances, and property" that are overseen by Stake officials, and has "Stake Centers, Conferences, Sunday School, youth conferences, and other organizations associated with the Stake" that are supervised and managed by the Stake. (Reply at 5.) Additionally, It is the Stake President who handles matters involving child sexual abuse incidents and reports. (Id.) Jane Roe MB admits that Sunset Beach Stake is not, itself, incorporated, but argues that Defendants have failed to meet their burden of proving that it should be treated as part of the religious hierarchy. (Id. at 3–4.)

However, as plainly stated in the Complaint, "DOE 1 is led by the President," who together with his Counselors, form "the highest governing body of the Church." (Compl. ¶ 21 (citing Gen. Handbook, Ch. 6 § 6.2.1.5 at 33 (Aug. 2023).) The President, together with the next highest governing authority, "oversee the entire Church, including every Stake and Ward in California." (Id. ¶ 23.) Stake Presidents, including those in California, are subject to the direct control of the Quroum of Seventy, and need the approval of Doe 1 to appoint a Bishop. (Id. ¶ 25.) Indeed, while each Stake "creates and maintains meticulous sets of membership records," such records are "reviewed and controlled by Doe 1." (Id. ¶ 34.)

Furthermore, it is the Church Corporation—and not the Sunset Beach Stake—which owns, operates, and maintains the building that is used by the Sunset Beach Stake. (NOR ¶ 21.) The Sunset Beach Stake receives its funding from the Church Corporation and has no registered agents in California, no assets, and cannot pay judgment. (Id. ¶ 19.) Indeed, as laid out in the Articles of Incorporation, the Church

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02395-JVS-DFM | Date | February 6, 2025 |
| Title | Jane Roe MB 69 v. Doe 1 et al. | | |

Corporation assumes all claims arising from the activities of the Church or its agents, including the stakes. (Decl. of Branden Wilson, Dkt. No. 20-1, ¶ 13.)

Finally, as Jane Roe MB has conceded, the Sunset Beach Stake is not, itself, incorporated. (Opp'n at 6.) When Church members move, they may attend a different Ward or Stake, but their Church membership remains the same. (Id. at 9.) All incomes from members tithes are turned over to the Church Corporation for investment and other uses, including supporting the wards and stakes. (Compl. ¶ 9.) Thus, as Defendants put, the Sunset Beach Stake exists only as a subunit within the larger church and has no independent legal existence apart from that hierarchy. (Id.)

This Court is not the only Court to reach such a conclusion in this consortium of related cases. See, e.g., Roe AJ 1 v. Church of Jesus Christ of Latter-Day Saints, No. 2:24-cv-02990-DC-CSK, 2025 WL 85759, at *3 (E.D. Cal. Jan. 14, 2025) ("[T]he court is not persuaded that Defendant Napa Stake is an independent entity of jurisdictional purposes. Rather, Defendants have shown that Defendant Napa Stake is controlled by Defendant LDS as one of its many places of worship. . . ."); Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints, No. EDCV 24-2150-KK-SPX, 2024 WL 5182415, at *2 (C.D. Cal. Dec. 20, 2024) ("[T]he court finds Menifee Stake is part of defendant LDS' network of churches and is subject to defendant LDS' control, which emanates from Salt Lake City, 'and thus is not an independent entity for jurisdictional purposes.'"); Roe LM 89 v. Church of Jesus Christ of Latter-Day Saints, No. CV 24-9350-JFW (BFMx), 2025 WL 212143, * 3 (C.D. Cal. Jan. 16, 2025) ("Because the Arcadia Stake functions similarly to an unincorporated division of a corporation, the Court concludes that it is not an independent entity for jurisdictional purposes."); Jane Roe SR 3 v. The Church of Jesus Christ of Latter-Day Saints, et al., 5:24-cv-07119-EJD (N.D. Cal. Oct. 11, 2024) (same).

Therefore, the Court finds that Defendants have met their burden of establishing that the Sunset Beach Stake is not, itself, an independent legal entity for the purposes of diversity jurisdiction. As such, this unincorporated division shall maintain the same citizenship as that of its parent corporation in Salt Lake City, Utah.

    C.    *Diversity Jurisdiction is Satisfied*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-02395-JVS-DFM                                      Date  February 6, 2025

Title  <u>Jane Roe MB 69 v. Doe 1 et al.</u>

Because Defendants have sufficiently alleged that Defendants are citizens of Utah and that the Plaintiff is a citizen of California, Defendants have met their burden of pleading complete diversity.[1]  Moreover, Defendants have alleged an uncontested amount in controversy exceeding $75,000.  Thus, the Court has diversity jurisdiction under 28 U.S.C. § 1332.[2]

      D.    *Neutral Forum Rule*

Jane Roe MB argues that even if diversity jurisdiction is satisfied, the neutral forum rule precludes removal.  (Mot. at 14.)  A civil action that is solely removable on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants [are] a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

The only defendant for which the neutral forum rule would apply in this case is Doe 3, a California based unincorporated stake.  As discussed above, Sunset Beach Stake adopts the citizenship of its parent, which is based in Salt Lake City, Utah.  Thus, the neutral forum rule does not preclude removal.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** the motion.

      **IT IS SO ORDERED.**

---

[1] Jane Roe MB appears to make a brief argument that the allegation of Plaintiff's citizenship was insufficient.  (Mot. at 15.)  However, importantly, Jane Roe MB never disputes that she is a California citizen.  Instead, she merely argues that the Church's allegation is insufficient where it only claimed evidence of residence and not intent to remain.  (<u>Id.</u>)  The Court disagrees.  Defendants allege in the NOR that Plaintiff is domiciled in California and that publicly available information shows that she has lived in Orange County for the last 12 years.  (NOR ¶¶ 5–6.)

[2] The Court need not address the fraudulent joinder arguments presented by the parties because it has concluded that removal is proper on other independent grounds.  Moreover, the Court declines to allow additional discovery as requested by Jane Roe MB.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-02395-JVS-DFM                           Date   February 6, 2025

Title      Jane Roe MB 69 v. Doe 1 et al.

      The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court **VACATES** the February 10, 2025, hearing.